By the Court.
Plaintiff in error entered a plea of guilty in the municipal court of Cleveland to a charge of violating an ordinance governing traffic on the streets of that city, and sentence was imposed upon him under the terms of such ordinance. He *40 thereupon filed a petition in error in the court of appeals, claiming that the ordinance upon which the charge is based is unconstitutional, being violative of Sections 1 and 2, Article I of the State Constitution, and also that the affidavit was insufficient to charge any offense under the ordinance. The court of appeals affirmed the judgment of the municipal court.
The ordinance in question requires a person in charge of any vehicle driven or propelled upon the streets of the city of Cleveland to conform to certain rules of the road, which are therein set forth, one of which is that he shall stop such vehicle and remain at the rear of a street car which has stopped to take on or let off passengers, so as to allow passengers free passage between the street car and the curb, and shall cause his vehicle to remain standing until such street car has resumed motion, provided that in congested districts vehicles may pass street cars so stopping if they clear six feet from the lower step or running board of the street car and that such ordinance shall not apply to vehicles passing street cars headed in the opposite , direction.
A subsequent provision defines the words “congested districts” to mean the following: “Lorain avenue from West 25th Street to Fulton Road.”
The provisions of this ordinance constitute a reasonable and proper police regulation to control traffic and protect pedestrians. It is not invalidated, as claimed by the plaintiff in error, because it does not specify or require to be marked or designated the places where street cars may receive *41 or discharge passengers; nor by reason of the requirement that such vehicle must remain standing until the street car resumes motion. The enforcement of the requirements of the ordinance will not constitute an unreasonable and unconstitutional interference with the liberty and rights of any citizen, nor deprive any citizen of equal protection and benefit of the law.
The court of appeals committed no error in holding that the ordinance in question is constitutional and that the affidavit was sufficient in form and statement to charge the plaintiff in error with violation thereof. The judgment of that court is therefore affirmed.

Judgment affirmed.

Nichols, C. J., Jones, Matthias, Johnson, .Wanamaker, Robinson and Merrell, JJ., concur.